IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
ELDORADO DIVISION

JAMES E. SMITH                                                                                           PLAINTIFF

v.                                       Civil No. 1:20-cv-01021

RICKY ROBERTS, Sheriff Union County;
NURSE KASEY; CAPTAIN PHILLIPS; CAPTAIN
MITCHAM; SERGEANT COTTON; SERGEANT
JOHNSON; SERGEANT PENDLETON; and
NURSE RICE                                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* ("IFP"). (ECF No. 40). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this Motion to the undersigned for a Report and Recommendation.

**BACKGROUND**

Plaintiff filed this lawsuit on May 13, 2020. (ECF No. 1). Plaintiff alleged his constitutional rights were violated when his medication was incorrectly packaged, and he was delivered the wrong medication on one occasion by individual Defendants who were not licensed to pass out medication. (ECF No. 1, pp. 4-6, 9). Plaintiff also alleged he was "feeling bad and was in pain but no one did anything except tell him he had to wait two weeks to see the doctor". In addition, Plaintiff claimed he was subjected to unlawful conditions of confinement. (ECF No. 1, p. 9). Plaintiff sued Defendants in both their individual and official capacities.

On February 25, 2021, Defendants filed a Motion for Summary Judgment. (ECF No. 21. In response to this Court's order, Defendants filed a Supplement to the motion to address Plaintiff's allegation regarding alleged unlawful conditions of confinement. (ECF Nos. 29, 30, 31). On

1

March 22, 2021, and May 17, 2021, Plaintiff filed Responses in Opposition to the summary judgment motion. (ECF Nos. 26, 34).

On May 25, 2021, the Court issued a Report and Recommendation recommending Defendants' Motion for Summary Judgment and the Supplement (ECF Nos. 21, 31) be granted and the claims against all Defendants, in both individual and official capacities, be dismissed with prejudice. (ECF No. 37). Plaintiff was given fourteen days to file written objections pursuant to 28 U.S.C. § 636(b)(1) and was informed the failure to file timely objections may result in waiver of the right to appeal questions of fact. *Id.* at p. 23.

Plaintiff did not file any objections to the Report and Recommendation. Accordingly, on June 16, 2021, the Judge Hickey entered an order adopting the Report and Recommendation *in toto,* granting Defendants' Motion for Summary Judgment (ECF No. 21) and dismissing all claims against Defendants with prejudice. (ECF No. 38). On September 29, 2021, Plaintiff filed a Notice of Appeal to Judge Hickey's order and a Motion for Leave to Appeal IFP.[1]  (ECF Nos. 39, 40).

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal in a civil case be filed within 30 days of the entry of judgment. "The requirement of a timely notice of appeal is mandatory and jurisdictional." *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006). A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A)(ii). An untimely notice of appeal cannot serve as a motion for extension of

---

[1] Plaintiff's Notice of Appeal is written on an Arkansas State Court form which reads in part, "the appellate jurisdiction of the Arkansas Supreme Court of Arkansas from the final Order of the Circuit County of Arkansas County, entered and filed on _____, 20\_\_." (ECF No. 39). His Motion to Appeal IFP is also written on an Arkansas State Court form. The case caption reads in part "James E. Smith vs State of Arkansas". (ECF No. 40).

2

time to file an appeal. *Burgs v. Johnson County*, 79 F.3d 701, 702 (8th Cir. 1996); *Dancer v. Haltom*, No. 4:10-CV-4118, 2011 WL 2143029, at *1 (W.D. Ark. May 2, 2011).

Here, the Court entered a final order granting summary judgment for Defendants and dismissing all claims in this case on June 16, 2021. (ECF No. 38). Plaintiff did not file his Notice of Appeal and Motion to Proceed IFP until over three months later. Therefore, Plaintiff's appeal and motion to proceed IFP are untimely.

Federal Rule of Appellate Procedure 4(a)(6)(A) allows a district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Plaintiff has not alleged he did not receive notice from the Court that his case had been dismissed. Instead, Plaintiff filed his Notice of Appeal and Motion to proceed IFP more than three months after the Court dismissed his case. Accordingly, I recommend Plaintiff's Motion for Leave to Appeal IFP be denied.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Leave to Appeal IFP (ECF No. 40) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 13th day of October 2021.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE